UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL NEIL JACOBSEN, | ) | 1:13-cv—00256-SKO-HC |
| | ) | |
|     Petitioner, | ) | ORDER DISMISSING THE PETITION |
| | ) | FOR LACK OF SUBJECT MATTER |
| | ) | JURISDICTION (DOC. 1) |
|   v. | ) | |
| | ) | ORDER DISMISSING PETITIONER'S |
| MARGRET MIMS, | ) | MOTIONS AS MOOT (DOCS. 4, 6) |
| | ) | |
|     Respondent. | ) | ORDER DECLINING TO ISSUE A |
| | ) | CERTIFICATE OF APPEALABILITY |
| | ) | AND DIRECTING THE CLERK TO |
| | | CLOSE THE CASE |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a writing signed by Petitioner and filed on Petitioner's behalf on March 6, 2013 (doc. 5).  Pending before the Court is the

1

petition, which was filed on February 21, 2013.

## I. Screening the Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.

1  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

2      II.  Background

3      Petitioner alleges that he is an inmate of the Fresno County
4  Jail.  Petitioner is not serving any sentence at this time, but
5  is in pretrial custody on charges that include an allegation of a
6  prior conviction.  Petitioner alleges that on February 2, 2003,
7  in the Superior Court of the State of California, County of
8  Fresno, Petitioner was convicted of corporal injury to a spouse
9  in violation of Cal. Pen. Code § 273.5(a) with enhancements for
10 use of a deadly weapon pursuant to Cal. Pen. Code § 12022(b)(1)
11 and for infliction of great bodily injury in violation of Cal.
12 Pen. Code § 12022.7(e); Petitioner was given a six-year sentence.
13 (Pet. 1.)

14     Petitioner raises the following claims in the petition: 1)
15 Petitioner was denied the effective assistance of counsel in the
16 prior proceeding in which his plea to the great bodily injury
17 enhancement was taken because his counsel had a conflict of
18 interest; 2) the laws defining and imposing the enhancements
19 pursuant to §§ 12022.7(e) and 12022(b)(1) have been repealed as
20 of January 1, 2012; 3) the enhancement pursuant to Cal. Pen. Code
21 § 12022.7(e) is being used as a prior "strike" to render or
22 maintain present charges against him as felonies instead of
23 misdemeanors; and 4) the enhancement pursuant to Cal. Pen. Code §
24 12022.7(e) is being used as a prior "strike" to set Petitioner's
25 bail unreasonably high at an amount of $1,900,000.00.  (Id. at 4-
26 5.)

27     The present petition is not the first petition filed with
28 respect to Petitioner's conviction of spousal abuse pursuant to

3

1  which he suffered an enhanced sentence.  The Court may take
2  judicial notice of court records.  Fed. R. Evid. 201(b); <u>United
3  States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993);
4  <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D.
5  Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).  The Court will
6  take judicial notice of its own dockets.
7      In <u>Michael N. Jacobsen v. M. S. Evans</u>, case number 1:06 CV
8  01254 LJO WMW HC, on February 6, 2008, the Court dismissed as
9  untimely a petition that challenged Petitioner's 2003 Fresno
10 County conviction of felony domestic violence in violation of
11 Cal. Pen. Code § 273.5 and his enhancements pursuant to Cal. Pen.
12 Code §§ 12022(b)(1) and 12022.7(e).  (Docs. 1 & 16.)  On appeal,
13 the judgment denying the petition was affirmed.  (<u>Id.</u> at docs.
14 31, 32.)
15     III.  <u>Successive Petition</u>
16     Because the petition was filed after April 24, 1996, the
17 effective date of the Antiterrorism and Effective Death Penalty
18 Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  <u>Lindh
19 v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert. denied</u>, 522 U.S. 1008
20 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).
21     Under the AEDPA, a federal court must dismiss a second or
22 successive petition that raises the same grounds as a prior
23 petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a
24 second or successive petition raising a new ground unless the
25 petitioner can show that 1) the claim rests on a new,
26 retroactive, constitutional right or 2) the factual basis of the
27 claim was not previously discoverable through due diligence, and
28 the new facts establish by clear and convincing evidence that but

4

1  for the constitutional error, no reasonable factfinder would have
2  found the applicant guilty of the underlying offense.  28 U.S.C.
3  § 2244(b)(2)(A)-(B).

4  However, it is not the district court that decides whether a
5  second or successive petition meets these requirements, which
6  allow a petitioner to file a second or successive petition.
7  Section 2244(b)(3)(A) provides, "Before a second or successive
8  application permitted by this section is filed in the district
9  court, the applicant shall move in the appropriate court of
10 appeals for an order authorizing the district court to consider
11 the application."  In other words, a petitioner must obtain leave
12 from the Ninth Circuit before he or she can file a second or
13 successive petition in district court.  See Felker v. Turpin, 518
14 U.S. 651, 656-657 (1996).  This Court must dismiss any claim
15 presented in a second or successive habeas corpus application
16 under section 2254 that was presented in a prior application
17 unless the Court of Appeals has given Petitioner leave to file
18 the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been
19 characterized as jurisdictional.  Burton v. Stewart, 549 U.S.
20 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th
21 Cir. 2001).

22 A disposition is "on the merits" if the district court
23 either considered and rejected a claim, or determined that an
24 underlying claim would not be considered by a federal court.
25 McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing
26 Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).  A
27 dismissal of a federal habeas petition on the ground of
28 untimeliness is a determination "on the merits" for purposes of

5

the rule against successive petitions such that a further petition challenging the same conviction is "second or successive" for purposes of 28 U.S.C. § 2244(b).  McNabb v. Yates, 576 F.3d at 1029-30.  Such a dismissal is a permanent and incurable bar to federal review of the underlying claims.  Id. at 1030.

Here, the first petition concerning Petitioner's conviction was dismissed on the ground that it was untimely.  (Doc. 16, 8.) Thus, the petition was adjudicated on the merits.

Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction.  Accordingly, this court has no jurisdiction to consider Petitioner's renewed application for relief under section 2254 and must dismiss the petition.  See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart, 549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274.  If Petitioner desires to bring this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b)(3).

   IV.   Absence of Custody

As set forth above, habeas relief shall be granted to a person in custody pursuant to the judgment of a state court only on the ground that the custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254.  The "in custody" requirement for a habeas petition pursuant to § 2254(a) is jurisdictional and thus is the first question a habeas court must consider.  Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).  The requirement has two aspects: 1) the petitioner must

6

be in custody when the petition is filed, and 2) the custody must be under the conviction or sentence under attack at the time the petition is filed. Id.

"Custody" includes physical imprisonment as well as other significant or severe restraints on liberty, but it does not include mere collateral consequences of a conviction. Id. at 978-80. The imposition of a fine or liability under a restitution order is not sufficient in itself to meet the jurisdictional requirements of § 2254. Id. at 979 (quoting Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998)).

Further, at the time a petition is filed, a petitioner must be in custody with respect to the conviction he attacks; once a sentence is fully served, even if the conviction may affect the length or conditions of a sentence to be imposed in the future, the prisoner is not "in custody" within the meaning of 28 U.S.C. §§ 2241(c) or 2254(a). Maleng v. Cook, 490 U.S. 488, 490-492 (1989). Where an inmate's sentence has fully expired, but the underlying prior conviction might possibly be used to enhance sentences imposed for any subsequent crimes of which the inmate is convicted, the mere possibility of future use is insufficient because the inmate suffers no present restraint because of the conviction. Id. at 491-92.

Further, although custody is present where an inmate is serving a sentence that has been enhanced by an expired prior conviction, for policy reasons, a prisoner may not challenge a prior conviction used to enhance a current sentence unless in the proceeding resulting in the prior conviction there was a failure to appoint counsel in violation of Gideon v. Wainwright, 372 U.S.

7

335 (1963).  <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394, 403-04 (2001).  Where the prior conviction is no longer open to direct or collateral attack because the defendant either failed to pursue those remedies while they were available or pursued them unsuccessfully, relief by way of 28 U.S.C. § 2254 is unavailable.  <u>Id.</u>  This is because of the need for finality of convictions and other concerns related to the administration of justice based on the substantially diminishing likelihood that state court records and transcripts of prior convictions will be retained and will remain accessible for review.  <u>Id.</u>

Here, Petitioner's six-year sentence on the prior conviction was imposed in February 2003.  Accordingly, Petitioner has either completed service of his sentence or has been released from the sentence, and is not in custody with respect to the prior conviction.  Further, Petitioner is in the pretrial stages of a pending criminal proceeding, and thus is not serving a sentence that has been enhanced by the prior conviction.  (Doc. 1, 5; doc. 4, 2-3.)

Accordingly, the Court concludes on the basis of the facts alleged in the petition that because Petitioner is not "in custody" within the meaning of 28 U.S.C. § 2254(a), the Court lacks subject matter jurisdiction over the petition.

A court will not infer allegations supporting federal jurisdiction; a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively alleged.  Fed. R. Civ. P. 8(a); <u>Stock West, Inc. v. Confederated Tribes of the Colville Reservation</u>, 873 F.2d 1221,

1225 (9th Cir. 1989).  When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the action.  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011).

Here, Petitioner has failed to allege facts showing jurisdiction in this Court.  Because Petitioner's claim concerning his prior conviction is foreclosed from review in this proceeding pursuant to § 2254, Petitioner could not allege a tenable claim even if leave to amend were granted.  Accordingly, it will be ordered that the petition be dismissed for lack of subject matter jurisdiction.  Further, the Court will dismiss as moot Petitioner's pending motions to add additional claims to the petition concerning the conduct of the Fresno County Superior Court in the pending criminal proceedings.

### V.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell,

9

537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, or (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason. Miller-El v. Cockrell, 537 U.S. at 336-37. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not demonstrate that the appeal will succeed. Id. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, Petitioner has not demonstrated that jurists of reason would find it debatable whether or not the petition states a valid claim of the denial of a constitutional right, or that the petition must be dismissed as successive. Petitioner has not made the substantial showing required for issuance of a certificate of appeal ability. Therefore, the Court will decline to issue a certificate of appealability.

VI. Disposition

Accordingly, it is ORDERED that:

1) The petition is DISMISSED for lack of subject matter jurisdiction; and

2) Petitioner's motions regarding addenda to the petition are DISMISSED as moot; and

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to close this action because the dismissal will terminate the action in its entirety.

IT IS SO ORDERED.

**Dated:   March 27, 2013**                         /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE